[No. 17875. Department Two. October 2, 1923.]

MANSFIELD STATE BANK et al., Appellants, v. LESLIE HARDWARE COMPANY, Respondent.[1]

CORPORATIONS (160)—REPRESENTATION BY AGENTS—CONTRACTS—NOTE WITHOUT CONSIDERATION. Where an officer of a corporation gave its note to a bank, without consideration or authority, in order to misrepresent the standing of the bank in which he was interested, the corporation is not liable to creditors of the bank, who are not shown to have suffered a loss by the transaction (PEMBERTON, J., dissenting).

Appeal from a judgment of the superior court for Douglas county, Hill, J., entered October 23, 1922, upon findings in favor of the defendant, in an action upon a promissory note, tried to the court. Affirmed.

*Tennant & Twitchell (Dalbert E. Twitchell* and *Foster & Dailey,* of counsel), for appellants.

*Crollard & Steiner* and *Barrows & Hanna,* for respondent.

FULLERTON, J.—This is an action brought by the state supervisor of banking against the Leslie Hard-

[1]Reported in 219 Pac. 15; 222 Pac. 901.

ware Company, a corporation, upon a promissory note. The note in question is for the principal sum of $10,-000, and was executed by one Z. V. Leslie, the then president and manager of the hardware company, in the name of the company, and by him delivered to the Mansfield State Bank, a banking corporation, organized under the laws of this state. The bank subsequently became insolvent, and the plaintiff sues as the liquidator of the bank. The trial court held that there could be no recovery, and the appeal is from the judgment of the court entered in accordance with the holding.

The trial court found, and the evidence very conclusively shows, that the note was executed and delivered to the bank without any consideration moving to the hardware company. The court found, also, and the evidence shows, that the note was executed and delivered without the knowledge or authority of any of the trustees or stockholders of the hardware company, other than Z. V. Leslie, and that the act was never subsequently ratified. Plainly, therefore, were the bank now a going concern and were the controversy between the bank as such and the hardware company, there could be no recovery.

But the note was delivered under the following circumstances. The bank was at that time in a straitened condition. It had made over-loans to certain of its customers on what subsequently proved to be insufficient security. The supervisor of banking had complained of these over-loans, and had directed the bank to bring them within legal limits. But this the bank was unable to do without an impairment of its capital, and thus subject it to be closed as an insolvent concern. Leslie was a stockholder and director of the bank, and intimately acquainted with its affairs. The bank was doing business in a farming community. It

seems to have been Leslie's belief, as well as the belief of the manager of the bank, that the bank was embarrassed rather than insolvent, and that, if it could be tided over until after the coming harvest, it could realize on much of its securities and thus be able to continue as a going concern. There was necessity, however, for immediate action. The order of the supervisor had to be complied with, and to relieve the situation by making it appear that the bank's capital had not been impaired by a compliance with the supervisor's demands, the note in suit was executed and delivered.

Do these circumstances estop the hardware company from denying its liability? It is our opinion that they do not. There was no consideration for the note, and this in law is sufficient to defeat a recovery. The supervisor of banking, it is true, sues as the representative of the creditors of the bank, and can assert all of the rights that the creditors could assert. It is also true that the equities of creditors will sometimes estop an obligor from denying liability on an obligation when he would not be so estopped were the obligation sought to be enforced by others. But no such equities intervene in the present controversy. There is no showing that the creditors suffered a loss by the transaction. None of the property of the bank was taken away; or, at least, none that was not returned. On the other hand, it is apparent that the stockholders of the corporation, and, it may be, its creditors, will suffer a substantial loss if the note is enforced. Equity will not suffer this when the only result is to enable another party to make a gain.

The judgment is affirmed.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.

PEMBERTON, J., dissents.

ON REHEARING.

[*En Banc.* February 18, 1924.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the judges adhere to the Departmental opinion heretofore filed herein, and the judgment of the trial court is therefore affirmed.